IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| JUNIOR L. CLAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 05-4352-CV-S-RED |
| | ) |
| JO ANNE B. BARNHART, | ) |
| Commissioner of the Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Plaintiff Junior L. Clay ("Clay") seeks judicial review of the Commissioner's denial of his request for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq.*, as amended. Plaintiff has exhausted all of his administrative remedies, and judicial review is now appropriate. After carefully reviewing the record, the Court hereby **AFFIRMS** the decision of the Administrative Law Judge ("ALJ").[1]

### I. Background

The parties present complete facts and arguments in their briefs. The ALJ's decision also sets forth comprehensive findings of fact and conclusions of law. The parties' facts and arguments and the ALJ's findings and conclusions are repeated herein only as necessary to explain the Court's decision.

---

[1] Because the Court finds that substantial evidence supports the ALJ's decision and that the ALJ applied the correct standard of law, the Court adopts much of Defendant's brief without quotation or citation.

## II. Standard of Review

The Court's review is limited to determining whether the Commissioner applied the correct standard of law and whether the Commissioner's findings of fact are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. §§ 405(g) and 1383(c)(3); *Warburton v. Apfel*, 188 F.3d 1047, 1050 (8th Cir. 1999). Substantial evidence is relevant evidence that a reasonable mind would accept as sufficient to support the Commissioner's conclusion. *See Warburton*, 188 F.3d at 1050. In making this determination, the Court considers evidence that detracts from the Commissioner's decision as well as evidence that supports it. *See id.* The Court may not reverse the Commissioner's decision merely because substantial evidence supports a different result. *See Pierce v. Apfel*, 173 F.3d 704, 706 (8th Cir. 1999). This is true even if the Court might have weighed the evidence differently and reached a different result if a de novo review were applied. *Pearsall v. Massanari*, 274 F.3d 1211, 1219 (8th Cir. 2001).

To receive disability benefits a claimant must show: (1) a medically determinable physical or mental impairment that has lasted, or can be expected to last, for not less than twelve months; (2) an inability to engage in any substantial gainful activity; and (3) the inability results from the impairment. *See* 42 U.S.C. §§ 423 (d)(1)(A), (d)(2); *see also Timmerman v. Weinberger*, 510 F.2d 439, 442 (8th Cir. 1975). The Court reviews the ALJ's decision to determine whether the ALJ followed the Commissioner's implementing regulations, which set out a five-step, burden-shifting process for determining whether the claimant has a "disability" within the meaning of the Social Security Act.

The five steps are: (1) whether the claimant is currently engaging in "substantial gainful activity," (2) whether the claimant is severely impaired, (3) whether the severe impairment is, or is

Case 2:05-cv-04352-RED   Document 17   Filed 01/05/07   Page 2 of 4

comparable to, a listed impairment precluding substantial gainful activity as a matter of law, (4) whether the claimant, with her current Residual Functional Capacity ("RFC") can meet the demands of her past work, and if not; (5) whether the claimant retains the capacity to perform any other work that exists in significant numbers in the economy. *See* 20 C.F.R. §§ 404.1520, 416.920 (2006); *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987) (discussing the five-step analysis). In the first four steps, the burden is on the claimant to prove that he or she is disabled. If the claimant is not able to perform his or her past work, the burden shifts to the Commissioner to prove that there are jobs in the national economy that the claimant can perform, although the ultimate burden of persuasion remains with the claimant. *See Harris v. Barnhart*, 356 F.3d 926, 931 n.2 (8th Cir. 2004); *see also Barnhart v. Thomas*, 540 U.S. 20, 24, 28 (2003) (noting that the existence of jobs in the national economy must be proved only at step five).

### III.  Analysis

Clay argues that the ALJ failed to evaluate Clay's edema (i.e. swollen feet) as a nonexertional limitation, and he failed to present this limitation to a vocational expert in determining whether Clay is disabled. Defendant argues that the ALJ properly found that Clay did not have significant nonexertional limitations, so testimony from a vocational expert was unnecessary.

The ALJ need not obtain testimony from a vocational expert when "the nonexertional impairments do not diminish or significantly limit the claimant's residual functional capacity to perform the full range of Guideline-listed activities." *Baker v. Barnhart*, 457 F.3d 882, 894 (8th Cir. 2006) (citations omitted). In such situations, the ALJ may evaluate the limitations imposed by the claimant's impairments in light of the Commissioner's guidelines without the aid of expert opinion. *Id*.

-3-

The ALJ found that Clay's only severe impairments were morbid obesity, congestive heart failure, diabetes, and hypertension. Clay claims that his edema was caused by the diabetes and hypertension, and it served as a nonexertional limitation because he must elevate his legs throughout the day to reduce the swelling. The ALJ discounted Clay's edema allegations citing testimony from third parties that Clay's "gait was normal"and citing medical evidence that Clay's feet did not swell or swelled only slightly. The ALJ's decision not to present Clay's alleged edema to a vocational expert was supported by substantial evidence that Clay's edema does not diminish or significantly limit his RFC.

### IV. Conclusion

Upon review of the record, the Court finds that substantial evidence on the record as a whole supports the ALJ's findings and conclusions in this case. Accordingly, it is hereby

ORDERED that the decision of the ALJ is AFFIRMED.

**IT IS SO ORDERED**.

DATE: January 5, 2007        */s/ Richard E. Dorr*
                             RICHARD E. DORR, JUDGE
                             UNITED STATES DISTRICT COURT